IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

APRIL ALOTAIBI,

    Plaintiff,

v.                                                C.A. No.: 4:23-cv-3390

TEXAS RICHMOND CORPORATION, and,
LLOYD J. ACE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, APRIL ALOTAIBI (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, TEXAS RICHMOND CORPORATION, and LLOYD J. ACE (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her former employer pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

2. Plaintiff seeks damages pursuant to 29 U.S.C. 216(b), including without limitation, lost wages, liquidated damages, declaratory and injunctive relief, reinstatement and a reasonable attorney's fee and costs.

## JURISDICTION

1

3.  This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, TEXAS RICHMOND CORPORATION, has offices Harris County, Texas.

## THE PARTIES

5.  Plaintiff is an individual residing in Harris County, Texas.

6.  Plaintiff, APRIL ALOTAIBI, was employed by Defendants from approximately August 5, 2021, until December 14, 2022, as a Server paid at the regular rate of $2.13 per hour plus tips.

7.  At all times material hereto, Defendant, TEXAS RICHMOND CORPORATION, owned and operated Men's Club, 3303 Sage Road, Houston, Texas ("Club"), and is an employer as defined by 29 U.S.C. § 203(d).

8.  Defendant, TEXAS RICHMOND CORPORATION, is a corporation existing under the laws of the State of Texas and maintains offices in Harris County, Texas.

9. Defendant, TEXAS RICHMOND CORPORATION, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. Defendant, LLOYD J. ACE, is an individual residing in Harris County, Texas.

11. At all times material to this complaint, Defendant, TEXAS RICHMOND CORPORATION, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant, TEXAS RICHMOND CORPORATION, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce, *e.g.*, imported beers and spirits that were manufacture and distilled outside of the state of Texas.

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

15. At all times material to this complaint, Defendant Lloyd Ace (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendant Lloyd Ace is a statutory employer under the FLSA.

### RETALIATON UNDER THE FLSA-29 U.S.C. §215(a)(3)

16. On May 26, 2022, Plaintiff received a tip from a single customer in the amount of $6,453.00. The customer paid the tip with his American Express credit card.

17. Per Defendants' policy, servers must wait three to five business days before the Club pays tips of that size which customers pay with a credit card.

18. In early June, 2022, Plaintiff asked Lloyd Ace about payment of The Tip. Mr. Ace stated that the customer had disputed the charge with American Express and the Club could not pay The Tip until American Express ruled on the dispute.

19. Over the next five months, Plaintiff asked Lloyd Ace on numerous occasions about the status of The Tip. In response to each of Plaintiff's inquiries, Mr. Lloyd stated The Tip was still in dispute and American Express had not made a

final determination.

20. On December 5, 2022, Plaintiff specifically asked Olivia (LNU) from Defendants' accounting department if The Tip was still in dispute. Olivia informed Plaintiff that American Express had put The Tip in Club's account.

21. Later on December 5, 2022, Plaintiff sent a text message to Lloyd Ace relating to him the information obtained from Olivia about The Tip and asked when he would be at Club so he could write her a check for The Tip. Upon learning that Olivia had provided the aforementioned information about The Tip to Plaintiff, Lloyd Ace severely chastised Olivia for providing the information to Plaintiff.

22. On December 13, 2022, Plaintiff met with Lloyd Ace. In that meeting the parties discussed an email complaint the Club had received from a customer regarding service he had received while patronizing the Club. The parties also discussed payment of The Tip and Mr. Ace guaranteed that the club would write Plaintiff a check for The Tip.

23. On December 14, 2022, Lloyd Ace informed Plaintiff that her employment was terminated because she was not a good fit for the Club anymore and that she was spreading rumors at work. Mr. Lloyd and that she would receive her final paycheck and payment of The Tip by the end of the week. Ultimately, Plaintiff did receive payment of The Tip and her final paycheck.

24. Defendants fired Plaintiff in retaliation for complaining about not receiving The Tip.

25. Defendants' stated reason for terminating Plaintiff's employment is false and a pretext for terminating Plaintiff for her complaint about not being paid her tips in violation of the FLSA.

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits retaliation. *See* 29 U.S.C. § 215. As a result of Defendants' unlawful actions alleged herein, Plaintiff has been damaged.

27. Defendants' actions as alleged herein were willful and the Defendants failed to act reasonably to comply with the FLSA.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to, without limitation, employment, reinstatement, promotion, and the payment of wages lost and an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

29. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, YASSAR, LLC, and LLOYD J. ACE, jointly and severally, for the following:

a. Awarding Plaintiff her lost wages, an award of liquidated damages, and attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff such other and further relief as the Court deems just and proper.

d. Ordering Plaintiff be reinstated in her previous position at the same pay rate and benefits he had at the time of her termination.

## JURY TRIAL DEMAND

Plaintiff, APRIL ALOTAIBI, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this September 11, 2023.

> **ROSS • SCALISE LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
> Charles@rosslawpc.com
>
> **CHARLES L. SCALISE**
> Texas Bar No. 24064621

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**